*Pro Se 1 2022*

```
_____ FILED _____ LODGED
_____ RECEIVED

        MAY 1 4 2025

        CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                  DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Dana Serine Greene

_____

_____,

                    Plaintiff(s),

        v.

GSK plc (formerly GlaxoSmithKline)

_____,

                    Defendant(s).

CASE NO. 3:25-cv-5357-DWC

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☒ Yes   ☐ No

## I.    THE PARTIES TO THIS COMPLAINT

A.    Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Dana Serine Greene |
| Street Address | 5007 Monta Vista Dr E |
| City and County | Edgewood, Pierce County |
| State and Zip Code | WA, 98372 |
| Telephone Number | 206-795-2063 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2022*

B.    Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | GSK plc |
| Job or Title *(if known)* | |
| Street Address | 79 New Oxford Street |
| City and County | London |
| State and Zip Code | United Kingdom, WC1A 1DG |
| Telephone Number | 44 20 8047 5000 |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

This document has been amended on *Today's Date*: _____

Signature: _____

COMPLAINT FOR A CIVIL CASE - 2

*Pro Se 1 2022*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be  heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(select all that apply)*

☐  Federal question:
If checked complete section A.

☒  Diversity of citizenship:
If checked complete section B.

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

_____

_____

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2022*

B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual.

The plaintiff, Dana S. Greene, is a citizen of the State of Washington.

b.    If the plaintiff is a corporation.

The plaintiff, (*name*) Click here to enter plaintiff's name., is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter state.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual.

The defendant, (*name*) Click here to enter defendant's name., is a citizen of the State of (*name*) Click here to enter state.  Or is a citizen of (*foreign nation*) Click here to enter country.

b.    If the defendant is a corporation.

The defendant, GSK plc, is incorporated under the laws of the State of United Kingdom, and has its principal place of business in the State of United Kingdom.

Or is incorporated under the laws of (*foreign nation*) Click here to enter country., and has its principal place of business in (*name*) Click here to enter location..

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

Please see attached forms

COMPLAINT FOR A CIVIL CASE - 4

*Pro Se 1 2022*

## III.    STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Please see attached forms

## IV.    RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

Please see attached forms

## V.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

COMPLAINT FOR A CIVIL CASE - 5

United States District Court

Western District of Washington

Plaintiff: Dana S. Greene

Defendant: GSK plc (formerly GlaxoSmithKline)

Case No.: 3:25-cv-5357-DWC

## The Amount in Controversy

The amount requested as owed by the Defendant to the Plaintiff exceeds $75,000, excluding interest and costs of court, because the accumulated damage to the Plaintiff's physical and cognitive health spans over 25 years and continues to this day.

The long-term use of Paxil (paroxetine), along with other psychiatric medications, caused lasting harm to the Plaintiff. These medications were prescribed off-label during a critical period of neurological and physical development. The harm includes, but is not limited to:

- Development of inattentive-type ADHD symptoms that were not present prior to Paxil use
- Cardiac arrhythmia
- Bone remodeling and flattening of TMJ condyles from prolonged SSRI-induced bruxism
- Neurocognitive impairment and stunted bodily growth from disrupted REM sleep
- Reduced stage 3&4 sleep, impairing human growth hormone release
- Obstructive sleep apnea due to underdeveloped jaw structure and TMJ deterioration
- Early-onset cervical osteoarthritis

The Plaintiff seeks compensation for permanent medical injuries, developmental impairment, psychiatric trauma, and the loss of both past and future income potential. Additional damages include severe withdrawal symptoms, diminished academic and cognitive function, and medical conditions that could have been prevented if GSK had fulfilled their duty of disclosure and consumer protection.

The Plaintiff also seeks broader relief, including structural healthcare reform to prevent future cases of pharmaceutical harm and misrepresentation. The total amount at stake, including punitive damages and policy-related reform, far exceeds the jurisdictional threshold.

This document has been amended on *Today's date*: 05 - 14 - 2025

Signature: _____

Printed Name: Dana Greene

United States District Court
Western District of Washington

Case No.: 3:25-cv-5357-DWC

Plaintiff: Dana Serine Greene

Defendant: GSK plc (formerly GlaxoSmithKline)

## Statement of Claim

1. In the year 2000, Plaintiff Dana Serine Greene was prescribed the drug Paxil (paroxetine) by a psychiatrist, at approximately age 12. The prescription was off-label and not approved for use in children. The Plaintiff had no symptoms of ADHD at the time, as documented in her original evaluation.

2. Within nine months of beginning Paxil, the Plaintiff's school performance plummeted from mostly A grades to multiple failing grades. New symptoms resembling inattention developed, including zoning out, memory lapses, and decreased mental stamina. These symptoms later led to a diagnosis of inattentive-type ADHD, though they likely represented early signs of Paxil-induced cognitive impairment.

3. During and after Paxil use, Plaintiff experienced physical and cognitive changes including jaw pain, REM sleep disruption, bruxism, facial underdevelopment, and emotional numbing. Over time, Plaintiff developed obstructive sleep apnea and bone abnormalities requiring surgical correction.

4. These conditions have continued into adulthood and have required diagnosis and treatment for sleep disorders, musculoskeletal damage, and emotional trauma. Plaintiff now lives with a permanent cognitive deficit and physical symptoms linked to disrupted growth and neural development.

5. Defendant GSK manufactured and promoted Paxil without proper testing in pediatric populations. Internal documents, including the now-public Study 329, show that the company was aware of serious risks to children but did not disclose them.

6. Plaintiff's injuries were not only preventable but foreseeable. GSK promoted Paxil in a manner that misled doctors and the public by omitting material information about the risks of suicide, withdrawal, and growth suppression. These omissions have also impacted the adult population, as current long-term risks—such as bone loss, REM sleep interference, and cognitive impairment—remain underdisclosed.

7. Plaintiff seeks damages for permanent physical injury, emotional distress, cognitive impairment, medical costs, and loss of life potential. Plaintiff also seeks reform in how pharmaceutical companies fund behavioral health research, including support for sleep diagnostics, airway-centered orthodontics, and bone regeneration technologies.

This document has been amended on *Today's Date:* 05 - 14 - 2025

Signature: _____

## Jurisdiction and Legal Basis

This Court has jurisdiction under 28 U.S. Code § 1332 (Diversity Jurisdiction), as the Plaintiff is a citizen of Washington State and the Defendant is a foreign corporation headquartered in the United Kingdom, and the amount in controversy exceeds $75,000.

The case also raises issues of federal concern, including failure to disclose material risks related to FDA-regulated drug safety. In accordance with 28 U.S. Code § 1367, the Court has supplemental jurisdiction over related state law claims brought under:

- RCW 19.86.020 – Washington Consumer Protection Act
- RCW 7.72.030 – Washington Product Liability Act
- Common Law Claims: Negligence, Fraudulent Concealment, Breach of Implied Warranty
- Restatement (Second) of Torts § 402A – Strict Product Liability


This document has been amended on *Today's Date:* 05-14-2025

Signature:

United States District Court

Western District of Washington

Plaintiff: Dana S. Greene

Defendant: GSK plc (formerly GlaxoSmithKline)

**Relief**

The plaintiff seeks $3,000,000,000 in total damages, reflecting:

1. **Actual Damages** in the amount of $1,000,000,000 (One Billion USD) for injuries sustained, including but not limited to neurological damage, skeletal underdevelopment, cognitive impairment, emotional trauma, medical expenses, reduced quality of life and the inability to reach full adult health or economic potential due to the administration of paroxetine (Paxil) as a minor.

2. **Punitive Damages** in the amount of $2,000,000,000 (Two Billion USD) for willful and reckless conduct by the defendant, GSK plc, in concealing known harms, manipulating published research (Study 329), and failing to adequately warn consumers and guardians of risks related to growth suppression, suicidality, cognitive impact, and chemical dependency.

3. Equitable and Structural Relief, including but not limited to:

- Mandatory reinvestment by GSK and similar pharmaceutical companies into low-cost access to airway diagnostics and sleep medicine treatments. Mandatory insurance coverage realignment for developmental health screenings and airway orthodontic treatment as necessary medical intervention.

- Investment in the research and development of regenerative orthodontic therapies and bone-growth technologies.

- Publicly funded disclosure campaigns to inform healthcare providers, educators, and parents of the long-term effects of early SSRI exposure and unacknowledged deleterious bone health and cognitive effects from long-term use on the adult population.

- Revolutionizing school nutrition through the establishment of a federally supported lunch program modeled after the post-1954 Japanese School Lunch Act. This initiative will ensure that

every child has access to nutrient-dense, whole-food meals—prepared with care, free from ultra-processed ingredients, and served in an environment that honors the dignity of mealtime.

- Restore creative freedom to educators by restructuring the U.S. public school model. This includes:

- Ending the use of screens as the primary learning modality.

-Phones no longer allowed in schools and students must use school phone for emergencies. Eliminating phones in schools fosters human-human interaction and social development.

- Replacing standardized rigidity with movement and play-based learning modalities.

- Granting teachers the autonomy to meet the real, varied needs of children through their own inspired methods.

4. Injunctive Relief requiring GSK to support legislation and regulation that enforces:

-Structural change to informed consent protocols-limiting insurance companies' oversight on time spent during doctor-patient interaction, especially when a new prescription or treatment protocol is introduced.  Restrictions placed on psychiatric drug use in children unless all non-invasive diagnostic pathways are exhausted.

Plaintiff further requests:
- That her award not be reduced or rerouted without court approval.

- That she be granted future standing to oversee or participate in proposed health system reform funded by the punitive award.

The Plaintiff is currently filing pro se but reserves the right to obtain legal representation at a later date.

This document has been amended on *Today's Date*: 05-14-2025

Signature:

Printed Name: Dana Serine Greene

*Pro Se 1 2022*

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    05-14-2025

Signature of Plaintiff    *Dana Greene*

Printed Name of Plaintiff    Dana Greene


Date of signing:    _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    _____


Date of signing:    _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    _____

COMPLAINT FOR A CIVIL CASE - 6