*Pro Se 1 2022*

FILED LODGED RECEIVED
NOV 03 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

25 CV 5357

| | |
|---|---|
| Dana Serine Greene, Plaintiff(s), v. GSK plc, Defendant(s). | CASE NO. ______________ [to be filled in by Clerk's Office]<br>COMPLAINT FOR A CIVIL CASE<br>Jury Trial: ☑ Yes ☐ No |

## I. THE PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Dana |
| Street Address | 5007 Monta Vista Drive East |
| City and County | Edgewood, Pierce County |
| State and Zip Code | Washington, 98372 |
| Telephone Number | 206-795-2063 |

B. Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | GSK plc (formerly GlaxoSmithKline) |
| Job or Title *(if known)* | |
| Street Address | 79 New Oxford Street |
| City and County | London |
| State and Zip Code | United Kingdom, WC1A 1DG |
| Telephone Number | 44 20 8047 5000 |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 4

Name ______________________

Job or Title *(if known)* ______________________

Street Address ______________________

City and County ______________________

State and Zip Code ______________________

Telephone Number ______________________

## II. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? (*select all that apply*)

☐ Federal question:
If checked complete section A.

☑ Diversity of citizenship:
If checked complete section B.

Fill out the paragraphs in this section that apply to this case.

A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Attach additional pages if needed.*

B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual.

The plaintiff (*name*) Dana Serine Greene, is a citizen of the State of (*name*) Washington.

b. If the plaintiff is a corporation.

The plaintiff, (*name*) ______, is incorporated under the laws of the State of (*name*) ______, and has its principal place of business in the State of (*name*) ______.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual.

The defendant, (*name*) ______, is a citizen of the State of (*name*) ______. Or is a citizen of (*foreign nation*) ______.

b. If the defendant is a corporation.

The defendant, (*name*) GSK plc, is incorporated under the laws of the State of (*name*) United Kingdom, and has its principal place of business in the State of (*name*) United Kingdom.

Or is incorporated under the laws of (*foreign nation*) United Kingdom, and has its principal place of business in (*name*) United Kingdom.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*) *Attach additional pages if needed*:

Please see attached forms

## III. STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Please see attached forms

## IV. RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

Please see attached forms

## V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

*Pro Se 1 2022*

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3 November 2025

Signature of Plaintiff Dana Greene

Printed Name of Plaintiff Dana S. Greene

Date of signing: ____________________

Signature of Plaintiff ____________________

Printed Name of Plaintiff ____________________

Date of signing: ____________________

Signature of Plaintiff ____________________

Printed Name of Plaintiff ____________________

Tiffany M. Cartwright, District Judge

United States District Court,

Western District of Washington

Case No: 3:25-cv-05357-TMC

Plaintiff: Dana Serine Greene

Defendant: GSK plc. (formerly GlaxoSmithKline)

3. The Amount in Controversy; attached pages:

The amount requested as owed by the Defendant to the Plaintiff will exceed $75,000, not counting interests and costs of court, because the accumulated damage to the Plaintiff's physical and cognitive health spans 25 years and continues. The long-term use of Paxil, along with other SSRIs and psychiatric medications, has not been adequately studied for the safety and efficacy of the prescribed patient population. The accumulated bodily harm by the prescription drug Paxil (Paroxetine) is included but not limited to the following conditions in the Plaintiff:

- ADHD (inattentive) diagnosis that was not present prior to Paxil consumption

- Cardiac arrhythmia

- Bone remodeling and flattening of TMJ condyles (from prolonged nighttime bruxism—a known side effect of SSRI use)

- Neurocognitive and complete bodily growth stunting from delayed REM sleep onset and disruption

- Reduced REM (stage 3 sleep) which leads to less deep sleep, impacting both stages where human growth hormone is produced

- Sleep apnea caused by underdevelopment of the jawbone and TMJ bone loss via nighttime bruxism

- Early onset of osteoarthritis in the cervical spine

Plaintiff seeks compensation for severe and permanent damages resulting from cognitive impairment, medication stacking, neurological dysfunction, developmental bone abnormalities, psychiatric distress, and significant loss of past and future earnings. Additional harms include severe withdrawal symptoms, reduced academic performance, and the emergence of serious medical conditions that were preventable—but were not—

due to the Defendant's reckless disregard for consumer safety. Plaintiff seeks monetary compensation not only for individual harm, but for pursuance of a complete restructuring of the Healthcare System in America, so no one is left behind.

**Jurisdiction and Legal Basis**

This court has jurisdiction under 28 U.S. Code § (Diversity Jurisdiction), as the Plaintiff is a citizen of Washington State and the Defendant is a foreign corporation headquartered in the United Kingdom, and the amount in controversy exceeds $75,000.

This case also raises issues of federal concern, including failure to disclose material risks related to FDA-regulated drug safety. In accordance with 28 U.S. Code § 1367, the Court has supplemental jurisdiction over related state law claims brought under:

- RCW 19.86.020- Washington Consumer Protection Act
- RCW 7.72.030- Washington Product Liability Act
- Common Law Claims: Negligence, Fraudulent Concealment, Breach of Implied Warranty
- Restatement (Second) of Torts § 402A- Strict Product Liability

Tiffany M. Cartwright, District Judge

United States District Court,

Western District of Washington

Case No: 3:25-cv-05357-TMC

Plaintiff: Dana Serine Greene

Defendant: GSK plc. (formerly GlaxoSmithKline)

## III. Statement of Claim- attached pages

Plaintiff was prescribed Paxil as a child in the year 2000 for Anxiety, with no prior documented symptoms of cognitive deficits or skeletal structural abnormalities. Within months of beginning Paxil, Plaintiff experienced a sudden academic collapse, newly developed behavioral symptoms, cognitive impairment, and psychiatric instability- all of which were documented by multiple professionals and confirmed through school records. Instead of recognizing these symptoms as SSRI-induced cognitive impairment;

1. Plaintiff was misdiagnosed with ADHD and given stimulant medication, further compounding the harm.
2. Plaintiff's jaw and bone development permanently ceased, resulting in skeletal abnormalities requiring surgical intervention.
3. Plaintiff experienced suicidal ideation, cognitive dysfunction and severe fatigue, leading to a reduced ability to pursue higher education and career goals.
4. Plaintiff developed ongoing cardiac arrythmias in her early 20's that required more medical intervention and additional medication.
5. January 16th, 2025, Plaintiff underwent extensive reconstructive nasal surgery that revealed multiple structural abnormalities. A sleep endoscopy was performed pre-surgery and concluded the cause of the 100% occluded airway was the mandible, which ceased growth in adolescence before full maturation, and confirmed by CBCT via airway orthodontic evaluation on or around 11/21/2023.
6. The connection between Paxil and Plaintiff's long-term injuries was not discovered until a sleep physician linked Paxil to REM sleep dysfunction during Plaintiff's sleep apnea diagnosis on or around 11/20/2023.

7. This discovery was further reinforced when an ENT specialist confirmed that SSRI's affect respiratory function and allergy testing, making Plaintiff aware for the first time that Paxil had contributed to their lifelong medical impairments.
8. The last medical condition linked to or in this case exacerbated by Paxil, was Plaintiff's Hemophilia A carrier status that was diagnosed around the years 2020-2021. As this condition is genetic, Plaintiff did not make the connection to Paxil's bleeding risk and potential for exacerbating the condition until the sleep apnea diagnosis made the links clear.
9. The discovery of Paxil's link to the Plaintiff's medical conditions occurred on or around 11/20/2023, deeming this claim within the allowable legal time frame under Washington State Law.

**Claims for Relief**

**Count 1- Product Liability (Defective Drug)**

10. GSK's Paxil was defective and unreasonably dangerous when prescribed to minors.
11. GSK failed to warn consumers and physicians of the true risks, constituting negligent and fraudulent concealment.
12. As a result, Plaintiff suffered permanent injuries requiring medical intervention and career-altering cognitive effects.

**Count II- Negligence**

13. GSK had a **duty of care** to ensure that Paxil was safe for its intended use.
14. By misrepresenting clinical trial results and suppressing negative data, GSK breached its duty and directly harmed Plaintiff.

**Count III- Fraudulent Misrepresentation**

15. GSK intentionally misled physicians, regulators, and the public by fabricating positive results in Study 329.
16. Plaintiff was harmed as a direct result of these false representations.

**Count IV- Punitive Damages**

17. GSK's conduct was willful, malicious, and in reckless disregard for public safety.
18. Punitive damages are warranted to deter future misconduct and hold GSK accountable for prior fraudulent settlements that failed to protect victims.

GSK's own study 329, which falsely reported Paxil as safe and effective for pediatric use, was later exposed as fraudulent. Despite this, the Defendant continued to promote the drug to physicians and the public, leading to widespread harm. GSK's actions directly caused Plaintiff's lifelong health consequences, including misdiagnosis, medication layering, and neurodevelopmental suppression during critical growth periods.

Tiffany M. Cartwright, District Judge

United States District Court,

Western District of Washington

Case No: 3:25-cv-05357-TMC

Plaintiff: Dana Serine Greene

Defendant: GSK plc. (formerly GlaxoSmithKline)

**IV. Relief- attached pages:**

The plaintiff seeks $3,000,000,000 in total damages, reflecting:

1. **Actual damages** in the amount of $1,000,000,000 (One Billion USD) for injuries sustained, including but not limited to neurological damage, skeletal underdevelopment, cognitive impairment, emotional trauma, medical expenses, reduced quality of life and the inability to reach full adult health or economic potential due to the administration of Paroxetine (Paxil) as a minor.
2. **Punitive damages** in the amount of $2,000,000,000 (Two Billion USD) for willful and reckless conduct by the defendant, GSK plc, in concealing known harms, manipulating published research (Study 329), and failing to adequately warn consumers and guardians of risks related to growth suppression, suicidality, cognitive impact, and chemical dependency.
3. Equitable and Structural Relief, included but not limited to:
   - Mandatory reinvestment of GSK and similar pharmaceutical companies into low-cost access to airway diagnostics and sleep medicine treatments. Mandatory insurance coverage realignment for developmental health screenings and airway orthodontic treatment as necessary medical intervention.
   - Investment in the research and development of regenerative orthodontic therapies and bone-growth technologies.
   - Publicly funded disclosure campaigns to inform healthcare providers, educators, and parents of the long-term effects of early SSRI exposure and unacknowledged deleterious bone health and cognitive effects from long-term use on the adult population.
   - Revolutionizing school nutrition through the establishment of a federally supported public school lunch program modeled after the post-1954 Japanese School Lunch Act. This initiative will ensure that every child has access to nutrient-dense, whole-foods meals- prepared with care, free from ultra-processed ingredients, and served in an environment that honors the dignity of mealtime.
   - Restore creative freedom to educators by restructuring the U.S. public school model. This includes:
     - Ending the use of screens and computer technology as the primary learning Modality.

- Phones no longer allowed in schools and students must use school phones for emergencies. Eliminating phones in schools, fosters human to human interaction and social development.
-Replacing standardized rigidity with movement and play-based learning modalities.
-Granting teachers the autonomy to meet the real, varied needs of children through their own inspired methods.

4. Injunctive Relief requiring GSK plc to support legislation and regulation that enforces:
-Structural change to informed consent protocols-limiting insurance companies' oversight on time spent during doctor-patient interaction, especially when a new prescription or treatment protocol is introduced. Surgical procedure time will no longer be dictated by insurance companies, and the time needed will be at the performing doctor's discretion.
-Restrictions placed on psychiatric drug use in children unless all non-invasive diagnostic pathways are exhausted.

Plaintiff further requests:

-That her award not be reduced or rerouted without court approval.
-That she be granted future standing to oversee or participate in proposed health system reform funded by the punitive award.