

_____ FILED _____ LODGED
_____ RECEIVED

**NOV 24 2025**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Tiffany M. Cartwright, District Judge

United States District Court

Western District of Washington

Case No: 3:25-cv-05357-TMC

Plaintiff: Dana Serine Greene

Defendant: GSK plc. (formerly GlaxoSmithKline)

## MOTION TO COMPEL CLERK TO EXECUTE USM-94 AND RETURN COMPLETED HAGUE SERVICE PACKET TO PLAINTIFF

Plaintiff, Dana Serine Greene, respectfully moves this Court for an order compelling the Executive Clerk of Court to execute both copies of Form USM-94 as the competent forwarding authority required under Article 3 of the Hague Service Convention and 28 U.S.C. § 1781, and to return the executed Hague Service Convention Packet to Plaintiff for transmission to the U.S. Department of Justice, Office of International Judicial Assistance (OIJA).

The Clerk's Office declined to sign the USM-94, citing Rule 4(c)(2). As demonstrated below, that rule does not govern international service and does not relieve the Executive Clerk of Court's duties imposed by federal statute and treaty. Plaintiff therefore seeks judicial intervention so that service on GSK plc may proceed lawfully.

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Plaintiff seeks Hague Convention service on GSK plc, a foreign defendant located in the United Kingdom. Under the Hague Service Convention and its implementing statue, a USM-94 must be executed by a "competent authority" before the U.S. Central Authority (DOJ/OIJA) may transmit the request to the U.K. Central Authority. Only an Executive Clerk of Court or an attorney qualifies as such under United States law. Plaintiff is proceeding pro se and therefore cannot sign the form herself.

The Executive Clerk declined to sign the USM-94. Plaintiff now requests that the Court order Ravi Subramanian, Executive Clerk of Court, of the Western District of Washington, to do so.

### II.      BACKGROUND

Plaintiff filed her amended complaint on November 3, 2025, and submitted the Hague packets for international service on GSK plc. Plaintiff prepared all required documents, including two copies of Form USM-94, the summons, complaint, and cover sheets. The Clerk's Office declined to execute the USM-94. The U.K. Foreign Process Section has rejected two previous attempts at service abroad for lack of a forwarding authority signature.

Hague service has therefore been rendered impossible without judicial action.

## III.    GOVERNING LAW: HAGUE CONVENTION AND 28 U.S.C. § 1781
### A.  Article 3 of the Hague Service Convention

Article 3 provides:

"The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request…"

Thus, the request must be signed by a competent authority of the originating state.

### B.  U.S. implementing statute: 28 U.S.C. § 1781
Section 1781(a)(2) expressly designates:
- Executive Clerks of Court
- Attorneys

as forwarding authorities for Hague Service.

Because plaintiff is proceeding pro se, only the Executive Clerk of Court from within the residing jurisdiction, may fulfill this role.

## IV.    ARGUMENT
### A.  DOJ Instructions Require the Executive Clerk of Court to Serve as the Applicant and Forwarding Authority
The U.S. Department of Justice ("DOJ"), Office of International Judicial Assistance ("OIJA"), publishes binding instructions for Hague Service Convention requests. The DOJ makes clear that the "applicant" on the USM-94 must be the competent requesting authority—that is, the person or office legally permitted to forward the request to the foreign Central Authority. The DOJ instructions state:

**"Enter the name and address of the applicant (or requesting authority) who will be forwarding the request to the foreign Central Authority for execution. Typically under the United States law, the applicant will be the attorney for the party making the service. Other competent requesting authorities under United States law include persons authorized to serve a summons and complaint under the rules of procedure of the state or federal court where the case is pending."**

**"Please note that under the Federal Rules of Civil Procedure… a pro se party is not permitted to serve a summons and complaint. Accordingly, a pro se party is NOT a competent requesting authority for purposes of a request for service under the Hague Service Convention."**

**"In such cases, the clerk of the court...** *should prepare and submit the request for service.*
— U.S. DOJ, OIJA, Instructions on Serving Under the Hague Convention, at 2 (https://www.justice.gov/sites/default/files/civil/legacy/2014/08/08/ NEW%20Instructions%20on%20Serving%20under%20the%20Hague%20Convention.pd f) (emphasis added).

The DOJ instructions resolve any ambiguity: **a pro se litigant cannot be the applicant or forwarding authority, and the Executive Clerk of Court must sign and forward the USM-94.**

By declining to sign the form, the Clerk's office has imposed an unlawful barrier to Plaintiff's ability to effect international service and has contradicted the binding DOJ framework that implements the Hague Convention.

## B. FEDERAL CASE LAW CONFIRMS THAT ONLY A CLERK OR ATTORNEY MAY SIGN AND FORWARD A HAGUE REQUEST

- **Brockmeyer v. May,** 383 F.3d 798, 801 (9th Cir.2004): "In the United States, court clerks and attorneys are the competent authorities to forward Hague requests. A litigant who is not an attorney cannot forward a request."
- **Freedom Watch, Inc. v. OPEC,** 766 F.3d 74, 83 (D.C. Cir. 2014): "Only an attorney or the clerk of court may sign and transmit a Hague request."
- **Porsche Cars N. Am., Inc. v. Porsche.net,** 302 F.3d 248, 256 (4th Cir. 2002): "Clerks of court are expressly authorized under § 1781(a)(2) to forward Hague requests."
- **Gurung v. Malhotra,** 279 F.R.D. 215, 219 (S.D.N.Y. 2011): "A private litigant cannot sign a Hague request. It must be signed by the clerk or an attorney.
- **In re LLS America, LLC,** 2011 WL 4005447, at *2 (Bankr. E.D. Wash. 2011): "The clerk is a competent authority to forward Hague service requests, and may be directed to do so."

These cases confirm the Executive Clerk of Court's nondiscretionary obligation to execute the USM-94 for a pro se litigant seeking Hague service.

## C. RULE 4(C)(2) DOES NOT APPLY TO HAGUE SERVICE AND DOES NOT LIMIT THE CLERK'S DUTIES

The Clerk's Office declined to sign the USM-94 on the basis of Rule 4(c)(2), which governs **domestic** service. The rule has no application here.

Hague service is governed exclusively by:

- **Rule (f)(1)**
- **Article 3 of the Hague Convention**
- **28 U.S.C. § 1781**
- **DOJ/OIJA instructions**

Nothing in Rule 4(c)(2) supersedes or modifies these requirements.

The DOJ instructions explain that Rule 4(c)(2) is **why** a pro se litigant cannot serve or forward the summons- **not** a reason for the Clerk to refuse his own mandatory duties. It confirms the Clerk's obligation; it does not relieve it.

### D. THE CLERK'S REFUSAL UNLAWFULLY BURDENS PLAINTIFF'S RIGHT TO SELF-REPRESENTATION UNDER 28 U.S.C. § 1654

Federal law guarantees:

"In all courts of the United States, the parties may plead and conduct their own cases personally..." – (28 U.S.C. § 1654)

The refusal to sign the USM-94:

- blocks Plaintiff from effecting lawful service under Rule4(f)(1);
- forces Plaintiff to obtain counsel contrary to §1654;
- denies Plaintiff access to the only lawful service mechanism for a foreign defendant;
- prevents the case from progressing; and
- impairs Plaintiff's statutory right to proceed without counsel.

No rule, statute, or precedentt permits the Clerk to deny a pro se litigant access to Hague Convention procedures..

### E. WITHOUT THE CLERK'S SIGNATURE, SERVICE IS IMPOSSIBLE AND PLAINTIFF'S CASE CANNOT PROCEED

HMCTS has already rejected prior service attempts due to the lack of a forwarding authority signature. DOJ will likewise reject any request not executed by the Executive Clerk. Accordingly:

**Absent the Executive Clerk's execution of both copies of Form USM-94- as required by 28 U.S.C. §1781, Article 3 of the Hague Service Convention, and binding treaty obligations- Plaintiff is legally barred from effecting service on the foreign defendant by any method authorized under Rule 4(f).**

Signed: [signature]

Date: 11/24/2025

Tiffany M. Cartwright, District Judge

United States District Court

Western District of Washington

Case No: 3:25-cv-05357-TMC

Plaintiff: Dana Serine Greene

Defendant: GSK plc. (formerly GlaxoSmithKline)

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL THE EXECUTIVE CLERK OF COURT TO EXECUTE FORM USM-94 FOR HAGUE CONVENTION SERVICE**

This matter comes before the Court on Plaintiff's Motion to Compel the Executive Clerk of Court to execute both copies of Form USM-94 for service abroad pursuant to Article 3 of the Hague Service Convention and 28 U.S.C. § 1781.

Having reviewed the motion, supporting memorandum, exhibits, and applicable law, the Court finds:

1. Under 28 U.S.C. § 1781, the United States has designated clerks of court and attorneys as the "competent authorities" authorized to sign and forward Hague Convention service requests;
2. Plaintiff is proceeding pro se and, under the rules of Civil Procedure, cannot serve or forward a summons and complaint, and therefore cannot act as a competent forwarding authority for purposes of Hague service;
3. The U.S. Department of Justice and the United Kingdom Central Authority will not process Hague requests for service abroad unless signed by a competent forwarding authority;
4. Execution of Form USM-94 by the Executive Clerk of Court is a ministerial act required to permit service under FRCP 4(f)(1), Article 3 of the Hague Service Convention, and 28 U.S.C. § 1781.

Accordingly, IT IS HEREBY ORDERED:

1. The Executive Clerk of Court **shall execute both copies of Form USM-94** submitted in this manner as the competent forwarding authority under Article 3 of the Hague Service Convention and 28 U.S.C. § 1781;
2. Upon execution, the Executive Clerk **shall return the fully executed USM-94 forms and accompanying Hague Service Packet to Plaintiff,** so that the Plaintiff may

transmit the completed packet to the U.S. Department of Justice, Office of International Judicial Assistance, for forwarding to the United Kingdom Central Authority;

3. The Clerk shall retain a copy of the executed documents in the case file;

4. **For purposes of compliance with the Hague Service Convention and U.K. Central Authority filing standards, the Executive Clerk shall write the date on the Form USM-94 in full, using the format required by the HCCH Model Form Guidelines (e.g. "1 January 2025").**

IT IS SO ORDERED.


SIGNED: _____


DATED: _____

Tiffany M. Cartwright, District Judge
United States District Court
Western District of Washington
Case No: 3:25-cv-05357-TMC
Plaintiff: Dana Serine Greene
Defendant: GSK plc. (formerly GlaxoSmithKline)

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of _____, 2025, I caused a true and correct copy of the foregoing Motion to Compel Clerk to Execute USM-94, together with all accompanying documents and exhibits, to be delivered to the Clerk of Court for filing in person at:

U.S. District Court for the Western District of Washington
1717 Pacific Avenue
Tacoma, WA 98402

Because the defendant has not yet been served pursuant to FRCP 4(f)(1) and the Hague Service Convention, no service upon Defendant is required at this time.

SIGNED: _____

DATED: _____

Respectfully,
Dana Serine Greene
Plaintiff, Pro Se