UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANA SERINE GREENE,

                Plaintiff,

     v.

GSK PLC (f/k/a GlaxoSmithKline)

                Defendant.

Case No. 3:25-cv-05357-TMC

ORDER DENYING REQUEST FOR
COURT-ASSISTED SERVICE

## I.    INTRODUCTION

Plaintiff Dana Serine Greene brings this case against GSK PLC ("GSK") for complications she suffered from taking Paxil, a medication made by GSK. Dkt. 14. Ms. Greene has been attempting to serve GSK at its headquarters in the United Kingdom for several months to no avail. Dkts. 12, 16. She brings the present "motion to compel clerk to execute USM-74 and return completed Hague service packet to Plaintiff," Dkt. 16, which this Court construes as a motion requesting the Court's assistance with service pursuant to Federal Rule of Civil Procedure 4(c)(3). For the reasons discussed below, the Court DENIES Ms. Greene's motion.

## II.    BACKGROUND

Ms. Greene brought this case on April 25, 2025, alleging that she was treated with GSK's Paxil during her childhood and she suffered physical and mental complications from the drug,

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 1

including "obstructive sleep apnea and bone abnormalities requiring surgical correction."

Dkt. 1 at 7. She amended her complaint on May 14, 2025, and then again on November 3, 2025.

Dkts. 5, 14.

On September 18, 2025, Ms. Greene filed a motion for court-directed service with a declaration and several exhibits demonstrating her attempts to serve GSK—incorporated in the United Kingdom—pursuant to Rule 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"). Dkt. 12.[1] These exhibits indicated Ms. Greene had received contradictory communications from the Foreign Process Section of the Royal Courts of Justice (the "UK Central Authority") as to whether her service packet was correctly completed and would be served on GSK. *Id*. at 5–8.

Specifically, Ms. Greene prepared two service packets. *Id*. at 1. The first packet, received by the UK Central Authority on July 12, 2025, listed Ms. Greene as the applicant and GSK as the addressee. *Id*. at 11–17. On July 16, 2025, the UK Central Authority told Ms. Greene that she had completed the first packet incorrectly. *Id*. at 4. The UK Central Authority told Ms. Greene "we require you to provide the transmitting agencies details under the section 'Identity and address of the applicant' which would be yourself instead of the applicant." *Id*. Perhaps confused by this instruction, Ms. Greene submitted a second packet, received by the UK Central Authority on August 13, 2025, listing Ms. Greene as both the applicant and the addressee. *Id*. at 20–26.

---

[1] The Hague Service Convention is an international treaty. *See generally* the Hague Service Convention, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, TIAS No. 6638. The United Kingdom and the United States have signed the Hague Service Convention. *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated March 21, 2024) (listing parties to the convention). "The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state." *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. 2:18-cv-01530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (citing V*olkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988)).

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 2

With respect to the first packet, Ms. Greene received an email from the UK Central Authority on August 1, 2025, stating the following:

> I am pleased to inform you that, your documents were received and processed, they have been sent to the Bailiff Section at Clerkenwell & Shoreditch CC to be served on [GSK]. The Bailiff has until 11 August 2025 to serve the documents.

*Id*. at 8. However, according to Ms. Greene, she received "no certificate of service and no return of non-service." *Id*. at 1. Then, on August 28, 2025, Ms. Greene received a letter rejecting the second service packet because she had listed herself as the addressee. *Id*. at 6. The letter asked Ms. Greene to instead list the defendant of the case as the addressee, as she had done in the first packet. *Id*.

Given the UK Central Authority's conflicting instructions and ambiguity as to whether the first packet was served, Ms. Greene asked the Court to direct "that service of process on [GSK] be completed forthwith using the corrected packets already provided, without further delay or contradiction." *Id*. at 2. The Court denied Ms. Greene's request on September 19, 2025. Dkt. 13. On November 18, 2025, the Court reset case deadlines to allow Ms. Greene more time to properly serve the complaint.

Ms. Greene then sent several emails directly to the Clerk's Office, asking the Clerk of Court to sign and forward the service packet to the UK Central Authority on her behalf. The Clerk's Office declined to do so, and Ms. Greene submitted the present motion on November 24, 2025. Dkt. 16.

### III.    DISCUSSION

Rule 4(c)(3) authorizes federal courts to order that service of process be made "by a United States marshal or deputy marshal or by a person specially appointed by the court." Such orders are mandatory only where a plaintiff has been authorized to proceed *in forma pauperis* ("IFP") under 18 U.S.C. § 1915 or is a seaman under 28 U.S.C. § 1916. *Id*. "In all other

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 3

instances, the federal court 'may' issue such an order." *Hollywood v. Carrows California Fam. Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018). "Plaintiffs seeking court-ordered service should set forth what steps they have already taken to accomplish service and explain why a court order is necessary." *Johnson v. Nordstrom*, No. 2:23-CV-01813-LK, 2024 WL 2818808, at *1 (W.D. Wash. June 3, 2024), *appeal dismissed sub nom. Johnson v. Nordstrom, Inc.*, No. 24-3838, 2024 WL 5237524 (9th Cir. July 19, 2024).

Ms. Greene paid the full filing fee in this case and is not proceeding IFP. Dkt. 1-1. Nevertheless, she asks the Court to assist with service by ordering the Clerk of Court to sign and return a USM-94 form so she can submit it to the UK Central Authority. Dkt. 16 at 1–2.

USM-94 is "[t]he form used in the United States for requesting service under Article 3 of the Hague Convention." *Perry v. Burgos Transp.*, No. 5:24-CV-01324-DMG-AJR, 2024 WL 5679164, at *1 n.1 (C.D. Cal. Dec. 23, 2024) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 296 (2d Cir. 2005)).[2] Article 3 of the Hague Service Convention states the following:

> The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

20 U.S.T. 361 ("Article 3").

Ms. Greene asserts that the UK Central Authority "rejected two previous attempts at service abroad for lack of [a] forwarding authority signature" in compliance with Article 3.

---

[2] *See* U.S. Marshal's Service, *USM-94: Request for Service Abroad of Judicial or Extrajudicial Documents*, https://www.usmarshals.gov/resources/forms/usm-94-request-service-abroad-of-judicial-or-extrajudicial-documents (last visited January 29, 2026). The form contains the same fields as the two Ms. Greene previously submitted to the UK Central Authority. Dkt. 12 at 11–17, 20–26.

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 4

Dkt. 16 at 2. According to Ms. Greene, the Clerk of Court is a competent forwarding authority under Article 3, and the Court should therefore compel the Clerk to sign and forward Ms. Greene's USM-94. *Id.* at 2–3.

Article 3 "leaves it to the requesting State to determine who qualifies as competent authority or judicial officer[.]" *Micula v. Gov't of Romania*, No. 17-CV-02332 (APM), 2018 WL 10196624, at *4 (D.D.C. May 22, 2018) (emphasis omitted) (citing Hague Conference on Private International Law, *Practical Handbook on the Operation of the Hague Convention* 43 (4th ed. 2016)); *see Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608 (S.D. Fla. 1992) (Article 3 "expressly states that the authority or judicial officer must be competent in the state in which the documents originate, not the recipient state."). When applying Article 3, United States courts look to Rule 4(c)(2) to determine who is competent to serve as the forwarding authority. *Micula*, 2018 WL 10196624, at *4 (citing *Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V.*, No. CIV.A. 3:12-2389-MBS, 2013 WL 152895, at *1 (D.S.C. Jan. 15, 2013)). Rule 4(c)(2) allows any person who is at least 18 years old and not a party to the case to serve a summons and complaint.

In other words, to comply with Article 3, the USM-94 sent to the UK Central Authority need only be signed and forwarded by a person who is not a party and is over 18. Ms. Greene is correct that the Clerk of Court—like countless other persons—could perform this function. But because "[i]t appears that service by the Hague Convention can be accomplished with the help of a process server and without judicial assistance," the Court is not inclined to order the Clerk to assist. *Perry*, 2024 WL 5679164, at *2.

In support of her motion, Ms. Greene cites a memorandum by the Department of Justice's ("DOJ") Office of International Judicial Assistance ("OIJA")—the United States' own Central Authority. Dkt. 16 at 3 (citing DOJ OIJA, *Instructions on Serving under the Hague Convention*,

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 5

https://www.justice.gov/sites/default/files/civil/legacy/2014/08/08/NEW%20Instructions%20on%20Serving%20under%20the%20Hague%20Convention.pdf (last visited Jan. 29, 2026)).[3] The memorandum instructs plaintiffs to:

> Enter the name and address of the applicant (or requesting authority) who will be forwarding the request to the foreign Central Authority for execution. As noted above, typically under United States law, the applicant will be the attorney for the party making the service. Other competent requesting authorities under United States law *include persons authorized to serve a summons and complaint under the rules of procedure of the state or federal court where the case is pending*. Please note that under the Federal Rules of Civil Procedure and most state court rules a *pro se* party is not permitted to serve a summons and complaint. Accordingly, a *pro se* party is NOT a competent requesting authority for purposes of a request for service under the Hague Service Convention. In such cases, the clerk of the court *or other appropriate official who is authorized to serve the complaint domestically should prepare and submit the request for service*.

DOJ OIJA, *Instructions on Serving under the Hague Convention* at 2 (emphasis added). Although Ms. Greene quotes the instructions to argue that "the clerk of court . . . should prepare and submit the request for service," Dkt. 16 at 3, the full text is consistent with this Court's position that anyone authorized to serve under Rule 4(c)(2) is a competent forwarding authority under the Hague Service Convention.

Lastly, Ms. Greene cites several authorities which do not support her proposition or do not contain the text which she quotes. *Id*. at 3 (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014); *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 256 (4th Cir. 2002); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *In re LLS Am., LLC*, No. 09-06194-PCW11, 2011 WL 4005447, at *2 (Bankr. E.D. Wash. Sept. 8, 2011)). These false citations bear "the emblems of the use of a generative artificial intelligence tool," which can

---

[3] OIJA released an updated memorandum after Ms. Greene filed the present motion but did not make changes to any portions cited in the motion. DOJ OIJA, Guidance on Service Abroad in U.S. Litigation (Dec. 16, 2025), https://www.justice.gov/civil/page/file/1064896/dl?inline.

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 6

"fabricate or 'hallucinate' legal precedent." *Romero v. Goldman Sachs Bank USA*, No. 1:25-CV-2857-GHW, 2025 WL 1916119, at *1 (S.D.N.Y. June 25, 2025).

The Court has no formal rule against the use of generative artificial intelligence to write pleadings and briefs. To the extent she uses these tools, the Court reminds Ms. Greene that she remains bound by Federal Rule of Civil Procedure 11, which requires that by presenting a motion or other written paper to the Court, a party certifies that its "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). In the future, Ms. Greene may be sanctioned for providing authority to the Court that does not actually exist. *See Saxena v. Martinez-Hernandez*, No. 2:22-cv-02126-CDS-BNW, 2025 WL 1194003, at *2 n.5 (D. Nev. Apr. 23, 2025) (collecting cases and warning pro se litigants that generative artificial intelligence can create hallucinated case citations and using these citations may lead to court-imposed sanctions).

The Court recognizes that international service can be difficult and confusing. But because Ms. Greene appears to have not yet submitted a service packet which complies with Article 3, the Court declines to order the Clerk to sign her USM-94 form. Ms. Greene may obtain the assistance of anyone who is over 18 and not a party in this case to sign and submit the form (along with the complaint and summons) to the UK Central Authority. If she does so, but the UK Central Authority rejects her service packet for lacking the signature of a competent forwarding authority, she may renew her motion for the Court's assistance.

The Court will also extend the time for service for 90 additional days—to April 29, 2026. *See* Fed. R. Civ. P. 4(m). The initial case scheduling deadlines will also be reset for an additional 90 days to allow time for Ms. Greene to complete service.

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 7

## IV.   CONCLUSION

The Court DENIES Ms. Greene's motion for Court-assisted service pursuant to Rule 4(c)(3) WITHOUT PREJUDICE. Dkt. 16. The time for service is extended to April 29, 2026. The Clerk is respectfully requested to extend the initial case scheduling deadlines for an additional 90 days.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING REQUEST FOR COURT-ASSISTED SERVICE - 8