Tiffany M. Cartwright, District Judge
United States District Court,
Western District of Washington
Case No: 3:25-cv-05357-TMC
Plaintiff: Dana Serine Greene
Defendant: GSK plc. (formerly GlaxoSmithKline)

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

THIS MATTER having come before the Court on Plaintiff Dana Serine Greene's Motion for Leave to Conduct Jurisdictional Discovery, and the Court having reviewed the motion, the supporting Declaration of Dana Serine Greene with Exhibits 1 through 4, Defendant's pending Motion to Dismiss (Dkt. 24), and the files and records herein, and being fully advised,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery is GRANTED.

2. The Court DEFERS ruling on Defendant's pending Motion to Dismiss (Dkt. 24) pending completion of jurisdictional discovery.

3. Plaintiff is granted a 60-day period of targeted jurisdictional discovery, limited to the following categories:

**a.** Corporate governance documents identifying which parent-company officers at GSK plc held authority over the Paxil NDA 020031 pediatric safety database during the period 2000–2014, including any transfer of that authority;

**b.** Intercompany management services agreements or operating protocols between GSK plc and GlaxoSmithKline LLC governing oversight of U.S. clinical trial programs, including Study 716;

**c.** Interlocking directorate and officer rosters between GSK plc, Glaxo Wellcome plc, SmithKline Beecham plc, and their U.S. subsidiaries from December 2000 through 2006;

**d.** Documents sufficient to identify which entity or corporate officers authorized the adverse event coding protocol that reclassified suicidal ideation and self-harm events as "emotional lability" across Studies 329, 377, 701, and 716; and

**e.** Corporate Integrity Agreement compliance documentation submitted by GSK plc's CEO pursuant to the 2012 DOJ settlement, to the extent it identifies parent-company authority over U.S. pharmaceutical operations.

4. The 60-day jurisdictional discovery period shall commence upon entry of this Order.

5. Following completion of jurisdictional discovery, Plaintiff is granted leave to file a supplemental jurisdictional brief of no more than ten (10) pages within fourteen (14) days of the close of the discovery period.

6. Defendant's deadline to respond to any jurisdictional discovery requests shall be governed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED this ___ day of ___________, 2026.

____________________________________

HONORABLE TIFFANY M. CARTWRIGHT

United States District Judge

Western District of Washington